IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

FILED

July 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES MORNING CRAFT, | ) | NO. 02C01-9606-CR-00194 |
| | ) | |
| Appellant | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | HON. W. FRED AXLEY, JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee | ) | |
| | ) | |

FOR THE APPELLANT                                    FOR THE APPELLEE

James Morning Craft                                  John Knox Walkup
Cold Creek Correctional Facility                     Attorney General and Reporter
P.O. Box 1000                                        450 James Robertson Parkway
Henning, Tennessee 38041-1000                        Nashville, Tennessee 37243-0493

                                                     Elizabeth T. Ryan
                                                     Assistant Attorney General
                                                     450 James Robertson Parkway
                                                     Nashville, Tennessee 37243-0493

                                                     John W. Pierotti
                                                     District Attorney General
                                                     201 Poplar Avenue
                                                     Memphis, Tennessee 38103-1947

                                                     C. Alanda Horne
                                                     Assistant District Attorney General
                                                     201 Poplar Avenue
                                                     Memphis, Tennessee 38103-1947

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

Opinion

The Appellant, James Morning Craft, appeals as of right the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. The petition was dismissed without a hearing, because it was filed outside the applicable statute of limitations. Although the Appellant raises several issues on appeal, the applicable statute of limitations period is dispositive. After reviewing the record on appeal, we find that the trial court properly dismissed the petition.

On January 26, 1988, the Appellant was convicted of felony murder and later sentenced to life imprisonment. He unsuccessfully appealed that conviction to this Court. State v. James Morning Craft & Lewis Moorlet, C.C.A. No. 31 (Tenn. Crim. App., Jackson, Mar. 8, 1989). On August 7, 1989, the Tennessee Supreme Court denied his permission to appeal.

On April 24, 1992, the Appellant filed a pro se petition requesting post-conviction relief. After a hearing on the merits the trial court denied the petition and this Court affirmed. James Craft v. State, C.A.A. No. 02C01-9405-CR-00091 (Tenn. Crim. App., Jackson, Dec. 7, 1994). At some point, the Appellant filed a second petition for post-conviction relief which was dismissed in January of 1994. The Appellant filed this third petition on July 11, 1996, alleging that the trial court erred by allowing him to be tried on an invalid indictment and that the trial court submitted erroneous information to the Department of Correction. The trial court dismissed the petition as time barred by the statute of limitations.

The Appellant's post-conviction petition is governed by the now-repealed Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-101 et seq (repealed 1995). That Act imposed a three year statute of limitations on post-conviction petitions. Tenn. Code Ann. § 40-30-102 (repealed 1995). It also provided that the limitations period runs from the date of the final action of the highest state appellate court to which an appeal is taken. Id.

2

With regard to this case, the final action of a state appellate court took place on August 7, 1989, when the Tennessee Supreme Court denied the Appellant's permission to appeal petition. The statute of limitations expired three years after that date, in August of 1992. Consequently, the Appellant's petition for post-conviction relief, which was filed in 1996, is barred by the statute of limitation.

Any contention by the Appellant that the new Post-Conviction Procedure Act, effective May 10, 1995, provided him with a one-year window of opportunity within which to file his post-conviction petition is meritless. Similar attempts to circumvent the statute of limitations in this manner have been previously rejected by panels of this Court. See Roy Barnett v. State, C.C.A. No. 03C01-9512-CV-00394 (Tenn. Crim. App., Knoxville, Feb. 20, 1997); Stephen Koprowski v. State, C.A.A. No. 03C01-9511-CC-00365 (Tenn. Crim. App., Knoxville, Jan. 28, 1997); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289 (Tenn. Crim. App., Jackson, Dec. 2, 1996). But see Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270 (Tenn. Crim. App., Knoxville, July 11, 1996).

Accordingly, we affirm the trial court's dismissal of the Appellant's post-conviction petition.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID G. HAYES, JUDGE

3